IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE BRANDON,

    Petitioner,                    No. 2:10-cv-1321 FCD KJN P

    vs.

S.M. SALINAS, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his first three claims, petitioner alleges that his federal constitutional right to due process was violated by a 2008 decision of the California Board of Parole Hearings (hereafter "the Board") to deny him a parole date. In addition, petitioner asserts the parole hearing was untimely held.

II. Standards for a Writ of Habeas Corpus

        Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

////

////

1

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations omitted).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Where the state court reaches a decision on the merits, but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003);

Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) ("Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."); accord Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).  When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle, 313 F.3d at 1167.

III.   Petitioner's Claims

       A.   Due Process

Most of petitioner's claims are based on the ground that his federal constitutional right to due process was allegedly violated by a 2008 decision of the Board to deny him a parole date.  The court will first address petitioner's due process claim, and will then address the independent claims seriatim.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the

1  expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory
2  language, 'creates a presumption that parole release will be granted' when or unless certain
3  designated findings are made, and thereby gives rise to a constitutional liberty interest."
4  Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a
5  state's use of mandatory language ("shall") creates a presumption that parole release will be
6  granted when the designated findings are made.).

7         California's parole statutes give rise to a liberty interest in parole protected by the
8  federal due process clause. Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL
9  197627, at *2 (Jan. 24, 2011). In California, a prisoner is entitled to release on parole unless
10 there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181,
11 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in
12 Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports
13 converting California's 'some evidence' rule into a substantive federal requirement." Swarthout,
14 2011 WL 197627, at *3. In other words, the Court specifically rejected the notion that there can
15 be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a
16 parole proceeding. Id. at *3. Rather, the protection afforded by the federal due process clause to
17 California parole decisions consists solely of the "minimal" procedural requirements set forth in
18 Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why
19 parole was denied." Swarthout, at *2-3.

20        Here, the record reflects that petitioner was present at the 2008 parole hearing,
21 that he participated in the hearing, and that he was provided with the reasons for the Board's
22 decision to deny parole. (Dkt. No. 1 at 120-212.) According to the United States Supreme
23 Court, the federal due process clause requires no more. Accordingly, petitioner's application for
24 ////
25 ////
26 ////

4

a writ of habeas corpus should be denied.[1]

B. <u>Deferral of Parole Hearing</u>

In petitioner's second claim, he argues the state court unreasonably found the Board did not err by denying petitioner parole for a period of two years. (Dkt. No. 1 at 17.)

The Los Angeles County Superior Court issued the last reasoned opinion addressing this claim. The superior court rejected this claim as follows:

> The Court finds that the Board did not err in denying the Petitioner parole for a period of two years. The Board must articulate reasons that justify a postponement, but those reasons need not be completely different from those justifying the denial of parole. *See In re Jackson* (1985) 39 Cal.3d 464, 479. The Board indicated that the Petitioner was denied parole for two years because of his commitment offense, his previous record of violence, his unstable social history and his need to deal with the disparity between his version of the offense and the official version of the offense. These reasons were sufficient to justify a two-year denial.

(Dkt. No. 13-3 at 53.)

As noted by respondent, this claim alleges an error in the application of state law, and state law claims are not cognizable in this federal habeas corpus petition. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law."). Moreover, California Penal Code § 3041.5 has been amended several times since the date of petitioner's conviction to allow for longer periods of time between parole suitability hearings. Ex Post Facto challenges to those amendments have all been rejected. See <u>Gilman v. Schwarzenegger</u>, ___ F.3d ___, No. 10-15471, 2011 WL 198435 (9th Cir. Jan. 24, 2011) (2010 change in Cal. Penal Code § 3041.5 to increase maximum deferral period of parole suitability

---

[1] Petitioner requests an evidentiary hearing on his claims. (Dkt. No. 1 at 8.) To obtain an evidentiary hearing, a petitioner is "required to allege specific facts which, if true, would entitle him to relief." <u>Ortiz v. Stewart</u>, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted). The court concludes that no additional factual supplementation is necessary in this case and that an evidentiary hearing is not appropriate with respect to the claims raised in the instant petition. The facts alleged in support of these claims, even if established at a hearing, would not entitle petitioner to federal habeas relief. Therefore, petitioner's request for an evidentiary hearing should be denied.

1  hearings from five years to fifteen years not a violation of Ex Post Facto Clause because it did
2  not create a sufficient risk of increasing punishment); California Dep't of Corrections v. Morales,
3  514 U.S. 499, 509 (1995) (1981 amendment to Cal. Penal Code § 3041.5, which increased
4  maximum deferral period of parole suitability hearings to five years did not violate the Ex Post
5  Facto Clause because it simply altered the method of setting a parole release date and did not
6  create a meaningful "risk of increasing the measure of punishment attached to the covered
7  crimes"); Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir. 1989) (not a violation of the Ex
8  Post Facto Clause to apply § 3041.5(b)(2)(A) to prisoners sentenced to life imprisonment prior to
9  the implementation of California's Determinate Sentence Law in 1977); Clifton v. Attorney
10 General Of the State of California, 997 F.2d 660, 662 n.1 (9th Cir. 1993) (same).

In light of these authorities, the state court's rejection of petitioner's second claim for relief was neither contrary to, nor an unreasonable application of, controlling principles of United States Supreme Court precedent. Therefore, petitioner's second claim for relief should be denied.

### C. Extended Incarceration Period

In petitioner's last claim, again in the context of a "some evidence" due process challenge, petitioner appears to argue that his incarceration period has exceeded the minimum and maximum base terms for his 1993 conviction. (Dkt. No. 1 at 33.)

There is no reasoned state court opinion addressing this claim.

Petitioner was convicted for attempted first degree murder, and second degree robbery with the use of a firearm, resulting in great bodily injury. (Dkt. No. 13-3 at 51.) Petitioner was sentenced to a term of life, plus 11 years, eight months, in state prison, with the possibility of parole. (Dkt. No. 1 at 1; 13-3 at 51.) Therefore, petitioner's incarceration has not exceeded his sentence. Moreover, petitioner is not entitled to a release date until he has been found suitable for parole. See Connor v. Estelle, 981 F.2d 1032, 1033 (9th Cir.1992) (per curiam) (application of the Determinate Sentencing Law parole-suitability guidelines to prisoners

sentenced under the Indeterminate Sentencing Law does not disadvantage them). Therefore, the Board's failure to set a date or to release petitioner on or near his Minimum Eligible Parole Date did not violate his due process rights. See id. at 1033-35. Accordingly, this claim should also be denied.

IV.  Conclusion

For all of the above reasons, the undersigned recommends that petitioner's application for a writ of habeas corpus be denied.

IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bran1321.157